374        APPELLATE COURTS OF ILLINOIS.

Wasson Coal Co. v. American Refractories Co., 193 Ill. App. 374.

## Wasson Coal Company, Appellee, v. American Refractories Company, Appellant.

### Gen. No. 6,043.   (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 15, 1915.

### Statement of the Case.

Action by the Wasson Coal Company against the American Refractories Company for a balance due for coal delivered the latter under a contract to supply it all the coal of a certain size which it required for use in its factories for a designated term. The defendant claimed a set-off for damages caused by the plaintiff's failure to deliver 1,807 tons of coal which the defendant ordered and required, and which it was compelled to obtain elsewhere at an increase over the contract price. At the trial a judgment was rendered for the plaintiff for the full amount of its claim, and the defendant appeals.

The evidence showed that during the period covered by the contract the plaintiff produced more than enough coal to supply the defendant's needs, and that it had no excuse for not doing so, and that the defendant used diligence in obtaining the necessary coal elsewhere. There was no evidence to show that the defendant ordered coal in excess of its daily needs in order to store it for use after the expiration of the contract; although it appeared that on the plaintiff's failure to supply coal that the defendant took a sufficient quantity to answer its immediate need from a supply which it had obtained elsewhere and had in storage.

O'DONNELL, DONOVAN & BRAY and KNAPP & CAMP-

SECOND DISTRICT—APRIL, 1915.        375

Wasson Coal Co. v. American Refractories Co., 193 Ill. App. 374.

BELL, for appellant; JOHN R. COCHRAN and HARRY I. ALLEN, of counsel.

GARNSEY, WOOD & LENNON and W. C. KANE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 130a*—*what constitutes breach of contract to supply coal.* In an action to recover for coal of a certain size delivered the defendant under a contract to supply the daily needs of a factory for a designated term, in which he claimed damages for the plaintiff's failure to supply all the coal needed and ordered, the evidence *held* to show that the plaintiff's failure was not due to a shortage of coal.

2. SALES, § 130a*—*when purchaser may take shortage in coal contracted for from coal obtained elsewhere.* Where the plaintiff contracted to supply the defendant with all of the coal of a certain size his daily needs required for a designated term, and on the failure of the plaintiff to deliver coal ordered the defendant took coal for his immediate need from a supply on hand which he had obtained elsewhere, *held* that he could replace it with coal subsequently furnished by the plaintiff, and that in so doing he did not order coal in excess of his daily needs.

3. SALES, § 140*—*diligence of buyer in purchasing elsewhere on failure of seller to deliver.* On the failure of a seller to supply all of the coal a vendee required for the daily use of his factory, as the former had contracted to do, *held* that the latter used diligence in purchasing coal elsewhere, although at an advance in price.

4. SALES, § 402*—*when instruction as to measure of damages for failure to deliver improper.* An instruction in an action in which the defendant claimed damages for the failure of the plaintiff to supply coal as he had contracted to do, which compelled the former to use coal obtained elsewhere and stored for future use, that the measure of damages was the difference between the contract price and the fair market value of the stored coal at the time it was used, *held* erroneous, where the evidence did not show the day the coal was used.

5. INSTRUCTIONS, § 119*—*when instruction containing correct statement of law properly refused.* A requested instruction con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

taining a correct statement of the law is properly refused when there is no evidence on which it may be based.

·6. EVIDENCE, § 160*—*when statement of claim of damages admissible.* In an action for coal furnished the defendant in which he claimed damages for a shortage, a written statement of his claim submitted to the plaintiff may be considered by the jury when not made as an offer of compromise, where the amount therein claimed was less than that demanded at the trial.